In the Matter of CDECO MARITIME CONSTRUCTION INC., Roger J. Au & Son, Inc., Firelands Sewer & Water Construction Co., Inc., Debtors in Possession.

Bankruptcy Nos. 683–00985, 683–00986 and 684–00040.

United States Bankruptcy Court, N.D. Ohio.

Jan. 11, 1989.

See also, 101 B.R. 502.

Edward R. Brown, Arter & Hadden, Cleveland, Ohio, for Aetna Cas. & Sur. Co., Inc.

John A. Schwemler, Brouse & McDowell, Akron, Ohio, for debtors and debtors in possession.

Larry L. Inscore, Inscore, Rinehardt, Whitney and Enderle, Mansfield, Ohio, for Charles H. Au, personally.

MEMORANDUM OF DECISION—ADEQUACY OF PROPOSED DISCLOSURE STATEMENT

JAMES H. WILLIAMS, Chief Judge.

The long and troubled history of these three embattled debtors, whose cases have been before this court for approximately five years, now moves into the arena of the disclosure of "adequate information"[1] pre-

---

1. § 1125. Postpetition disclosure and solicitation.
    (a) In this section—
    (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan; and

\* \* \* \* \* \*

paratory to seeking acceptance of a plan.

The current struggle was precipitated by the filing of a liquidating plan by the major creditor of the debtors, the Aetna Casualty & Surety Company, Inc. (Aetna), accompanying which, of course, was a proposed disclosure statement. Objections to the disclosure statement were raised by the debtors and Charles H. Au, the sole shareholder of Roger J. Au & Son, Inc. (Au & Son). The plan's proponent and the objectors have filed memoranda in support of their respective positions and presented oral argument to the court.

As a measure of the intensity of the parties' feelings, which have surfaced in a variety of acrimonious exchanges throughout the lives of these cases, the proposed disclosure statement and summary of the plan covers 20 pages; the debtors submit 29 pages of written argument against the sufficiency of the proposed disclosure and Mr. Au adds 23 more pages in opposition; and, in an effort to demonstrate why these voluminous attacks on its proposal are without merit, Aetna submits 13 pages of supportive argument. As noted, these writings were buttressed by oral argument of the very capable counsel for all parties.

Rather than attempt a section-by-section analysis of the proposed disclosure statement or deal with each objection, many of which overlap or raise the same perceived inadequacies in different language, the court will focus upon those aspects of Aetna's proposed disclosure statement which it believes merit attention and, by its silence, will approve of the adequacy of disclosure in areas not discussed.

It is somewhat ironic that Section 1125, described as "the heart of the consolidation of the various reorganization chapters found in current law" (H.R. No. 95–595, 95th Cong. 1st Sess. 408–10 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6364) is also one to which very few objec-

tive standards can apply. One court has noted that "[w]hat constitutes adequate information [under section 1125(a)(1)] must be determined on a case-to-case basis under flexible standards." *In re A.C. Williams Co.*, 25 B.R. 173, 176 (Bankr.N.D.Ohio 1982). Another notes that lists of factors by which to gauge the sufficiency of a disclosure statement, developed by such cases as *A.C. Williams Co.*, may be too extensive in some cases and insufficient to provide adequate information for plan evaluation in others. *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D.Ga.1984). More recently, an appellate court has stated that "[t]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir.1988).

■ In weighing the extent of necessary disclosure, it is appropriate also to take into account the creditor body and others for whose enlightenment the disclosure statement is designed. Here, despite the fact that we are dealing with three debtor corporations, an unusually small creditor body is involved, particularly in light of the substantial amounts of money that are at stake in various aspects of the cases. Au & Son's schedules list only 38 unsecured creditors, many without dollar amounts listed and others marked "disputed;" CDE-CO Maritime Construction, Inc. appears to have but one unsecured creditor—Aetna, asserted to be contingent and unliquidated; and Firelands Sewer & Water Construction Co., Inc. has three creditors on its schedules—Aetna, Au & Son and Michigan National Bank of Detroit which has since waived any claim.

How much detail, then, is necessary to enable this relatively small and generally sophisticated creditor body to make "an

(b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

informed judgment about the plan" (11 U.S.C. § 1125(a)(1)) Aetna desires them to accept?

At the outset, Aetna proposes to deal with administrative expenses totaling $173,000.00 and a pre-petition claim of the United States Army Corps of Engineers by adding two footnotes, which the debtors find acceptable. The court agrees that the same should be incorporated in the disclosure statement. Further, a mathematical error on page 7 of the proposed disclosure statement should be corrected to indicate that the total realized from contract claims is $467,061.59 and the grand total realized should thus be $1,222,339.00.

The significant remaining asset of the debtors is the value of its pending litigation against the Northeast Ohio Regional Sewer District (NEORSD) and, springing from Au & Sons's dissatisfaction with Aetna's conduct in connection with the NEORSD litigation, an adversary proceeding brought by the debtors against Aetna.[2]

■ The NEORSD litigation is discussed in the proposed disclosure statement in the context of the deposition opinion of a witness for Aetna who views it as either without value or worth less than counterclaims NEORSD asserts against Au & Son. Aetna does note that "Debtors appear to dispute vigorously the evaluation and [asserts] that the value of the Au claim against NEORSD is $5 million or more." (Proposed disclosure statement, p. 19) It is willing to remove a statement that the debtors have offered nothing to substantiate their claim.

■ The court views the Aetna treatment of this asset as sufficient. A disclosure statement is simply not the place to argue various theories of recovery or to demonstrate results of "what if" kinds of proof (e.g., that Au & Son was fraudulently induced to execute a release to NEORSD).

"It is also not necessary to the adequate information standard for a disclosure statement to * * * speculate as to future uncertainties, such as the consequences of the various possible outcomes of pending litigation." *In re Stanley Hotel, Inc.,* 13 B.R. 926, 935 (Bankr.D.Col.1981).

Of concern is Aetna's proposal that the resolution of the NEORSD litigation involve the payover to NEORSD of a $750,000.00 claim Au & Son asserts against another entity, Euthenics, a named defendant in litigation commenced by Au & Son. The debtors point out that no explanation is given for this segment of the proposed resolution and that such is necessary to a full understanding of the Plan's workings. The court agrees. Aetna's argument that such an explanation would "lead to further confusion" does not justify simply omitting the rationale behind the treatment of this claim asserted by the debtors.

Only brief mention of the Au & Son litigation against Aetna is made in the disclosure statement, presumably because of Aetna's admitted view that "the lawsuit * * * has only nuisance value * * *." (Aetna's Memorandum in Response to Objections, p. 6) The court agrees with Aetna that it need not "anticipate their theory of recovery, validate that theory, and set it forth in the Disclosure Statement" (*Id.*), but inasmuch as the litigation challenges the right of Aetna to settle Au & Son's claims against NEORSD or, alternatively, demands judgment of $7,000,000.00 against Aetna, it deserves more than the rather cavalier treatment afforded it by Aetna in the proposed disclosure statement. Moreover, in any discussion of the relative positions of Aetna and Au & Son under a certain agreement dated April 1, 1983, any disclosure statement ultimately to be approved must comport with the finding of Hon. David D. Dowd in Case No. C86–1188A, *Roger J. Au & Son, Inc. et al. v. Aetna Casualty and Surety Co.* that the

---

2. Au and Son's litigation against Aetna was actually commenced in the Richland County, Ohio Common Pleas Court. Aetna caused its removal to this court. It then sought withdrawal of the reference to the bankruptcy court on several grounds. The United States District Court for the Northern District of Ohio, Eastern Division, Dowd, J. on October 27, 1988 denied the motion to withdraw.

agreement's effective date is August 5, 1983, not April 1, 1983.[3]

\* \* \*

In summary, the court finds the creditor-sponsored plan submitted in these cases to be accompanied by a proposed disclosure statement that, with some modification and elaboration, is generally adequate to meet the requirements of 11 U.S.C. § 1125.

The court will approve for distribution to creditors and equity security holders, pursuant to Bankruptcy Rule 3017(d), a disclosure statement which deals with the $173,-000.00 administrative expense claim which debtors' counsel disputes; the post-petition claim of the United States Army Corps of Engineers; the mathematical errors on page 7 of the proposed disclosure statement; the rationale for the treatment of Au & Son's claim against Euthenics and the nature and status of the litigation brought by Au & Son and others against Aetna and the potential effect of recovery by the plaintiffs thereunder; and the finding by the United States District Court that that certain Supplemental Agreement dated April 1, 1983 was actually effective on August 5, 1983, a date subsequent to the filing by the debtors, CDECO Maritime Construction, Inc. and Au & Son, of petitions for relief under Chapter 11.

An order giving effect to these findings will enter forthwith.

See also, Bkrtcy., 101 B.R. 499.

**3.** Judge Dowd's decision was rendered subsequent to the filing of the proposed disclosure statement and grows out of Aetna's attempt to have the reference to this court of the Au & Son litigation against it withdrawn, as noted in footnote 2 above.